(No. 4685. October 19, 1928.)

RAY KENNISON and FRED BACHMAN, Respondents, v. McMILLAN SHEEP COMPANY, a Corporation, DAVID SPROAT and REX SPROAT, Appellants.

[270 Pac. 1062.]

E. G. Elliott, for Appellants.

J. P. Pope, for Respondents.

GIVENS, J.—The material allegations of plaintiff's complaint are to the effect that in the summer of 1918 plaintiff entered into an oral agreement with defendant whereby the plaintiff agreed to clean out and enlarge the "Sproat Ditch" sufficiently to carry water which plaintiff would be entitled to for the irrigation of plaintiff's lands; and that thereafter

the plaintiffs might, in consideration of their cleaning out the ditches, carry their water through the ditch through defendant's land; that plaintiffs performed this work until 1923 when defendants forbade plaintiffs to carry any more of their water through this ditch and continued to prevent them from doing so; and that plaintiffs had certain crops which needed the water and during 1923, by reason of this action on the part of defendants, they lost a portion of their crops.

The defendants, on their part, contended that the contract provided that plaintiffs could take from the lower end of the ditch such waste water as defendants should allow to escape, and for this consideration, plaintiffs should keep the ditch clean.

Mr. Bachman, one of the plaintiffs, testified to a conversation with David Sproat, one of the defendants, to the effect that he "would like to have his consent to enlarge their ditch to carry this water through," to which Sproat replied, as quoted by Bachman, that "so far as he was concerned it was all right with him but that he could not speak for the McMillan Sheep Company." Bachman then asked him to talk with Hugh Sproat, the general manager of the Mc-Millan Sheep Company, and he said he would but he (Bachman) heard nothing further from him.

Plaintiffs also testified that they did work in cleaning out the ditch and that Hugh Sproat was on the ditch and saw the work being done. In 1923 a written agreement, claimed by defendants to embody their understanding of the contract, was presented to the plaintiffs, who refused to sign it because it provided that the license or privilege was revocable at defendants' pleasure.

The defendants offered testimony to the effect that the oral agreement was as contended for by them; that plaintiffs could take only the waste water that might run out of the ditch; and that the agreement did not contemplate that they were to carry any live or new water through the ditch.

The trial court held the evidence concerning the alleged contract indefinite but awarded plaintiff relief on the theory that they had established an equitable estoppel against the defendants and had received an irrevocable license.

Appellants take the position that estoppel was not pleaded and that relief should not have been granted on this theory.

Respondents contend that when evidence is introduced without objection, relief on the theory of estoppel may be allowed, citing numerous authorities.

This court has never passed on this precise question, though it has laid down the general rule that estoppel, to be available, must be pleaded.

The two vital points or differences between the parties are these:

1. What water the plaintiffs were, by the agreement, to be allowed to carry through the ditch.

2. For what period of time plaintiffs were to be allowed to use the ditch; that is, at the sufferance of defendants or for all time.

The trial court held that defendants, by standing by and permitting plaintiffs to clean the ditch and carry their live water through the ditch were estopped to deny plaintiffs such right. Since the trial court had found that the evidence as to the contract was unsatisfactory and refused to pass on that point, it must be assumed that the trial court disregarded the testimony as to the contract.

The question then is, if the above exception be recognized, whether the facts proven by the plaintiffs are sufficient to prove estoppel.

One of the essential elements of estoppel is the fact that the party against whom it is asserted must have full knowledge of the facts. The plaintiffs themselves admitted that at no time in 1923 did they or their agents turn the water into the ditch in question, and that the water that came through was turned in by the defendants. Whether it was plaintiffs' water or defendants' water is not clear, as appears from the discussion hereafter. Unless the defend-

ants knew that the ditch was carrying plaintiffs' live water, there could be no estoppel against defendants in favor of plaintiffs' right to carry their (plaintiffs') water through the ditch.

As bearing upon this phase of the controversy, defendants sought to prove their water right. Plaintiffs objected to this testimony and this objection was sustained. This ruling is assigned as error.

■ If plaintiffs were entitled to carry their live water through the ditch, the amount of water defendants were entitled to carry through the ditch before the work was done by plaintiffs, and the amount of water defendants at all times carried through the ditch was pertinent and relevant. If defendants at all times carried through the ditch the full amount of water to which they were entitled, it would necessarily be proof of what water they were entitled to, and if no other water could run through this ditch, it would have some bearing on the question of defendants' knowledge of what water plaintiffs were carrying through the ditch.

Therefore, even on the theory of estoppel, this error was prejudicial.

It is perhaps true that the suit does not involve water rights, but on the theory of estoppel, it clearly involves what water was being carried through the ditch and to what extent.

Plaintiffs were permitted to prove their water right. Defendants should have had the same opportunity.

The judgment of the trial court is therefore reversed and the cause remanded, with instructions to grant a new trial.

Costs to appellants.

Wm. E. Lee, C. J., and Budge, J., concur.

TAYLOR, J., Concurring in Part and Dissenting in Part.—I concur in a reversal, but not in ordering a new trial. Plaintiffs' case depended upon allegations and proof of a contract. There was no sufficient evidence of and the

court found no contract. There are neither allegations, nor was there proof of facts which would create an estoppel. Judgment should have been for defendants.